# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

CIVIL NO. 1:09CV322-1-T
(1:05CR211-T)

| | |
|---|---|
| **JOYCE KAY GODWIN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **O R D E R** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed August 13, 2009. For the reasons stated herein, Petitioner's motion is denied and the action dismissed.

## I. PROCEDURAL HISTORY

Petitioner was one of four individuals charged in a twelve-count indictment. **Bill of Indictment, filed June 27, 2005.** Count One charged Petitioner with conspiracy to utter counterfeit and forged securities in

violation of 18 U.S.C. § 371; Counts Two and Three charged Petitioner with uttering counterfeit and forged securities and aiding and abetting that offense in violation of 18 U.S.C. §§ 513(a) and 2; Counts Five and Six charged Petitioner with fraud through the unlawful possession and use of a means of identification and aiding and abetting that offense in violation of 18 U.S.C. §§ 1028(a)(7) and 2; Counts Eight and Nine charged Petitioner with aggravated identity theft and aiding and abetting that offense in violation of 18 U.S.C. §§ 1028A(a)(1) and 2; and Counts Ten and Eleven charged Petitioner with bank fraud and aiding and abetting in that offense in violation of 18 U.S.C. §§ 1344 and 2. *Id*.

Thereafter, Petitioner entered into a plea agreement with the Government wherein she agreed to plead guilty to Counts One, Nine and Eleven of the indictment; in return, the Government agreed to dismiss the remaining counts in which Petitioner was charged. **Plea Agreement, filed March 28, 2006.** The record reflects that on April 3, 2006, Petitioner's trial counsel notified the Court that Petitioner did not wish to proceed with her guilty pleas as outlined in the plea agreement and, instead, requested a jury trial on all charges. **See "Staff Notes" entered April 3, 2006.** Petitioner's case was scheduled for trial during the May 2006 term. In the

interim, the Government moved to dismiss Counts Five and Six of the indictment and such was allowed by the Court. **See Order, filed April 17, 2006.**

On May 1, 2006, Petitioner's case was called for trial. At that time, the Petitioner announced to the Court that she would plead guilty to all remaining charges in the indictment without benefit of a plea agreement. The Court then engaged her in the lengthy plea colloquy outlined by Rule 11. After recording each of her sworn answers to the questions propounded by the Court, the Court found that the Petitioner had entered her pleas knowingly and voluntarily, that she understood the charges, potential penalties, and consequences of her pleas, and accepted her pleas of guilty. **Rule 11 Inquiry [No Written Plea Agreement], filed May 1, 2006.** On October 3, 2006, this Court sentenced Petitioner to 60 months imprisonment on Count One; 72 months imprisonment on Counts Two, Three, Ten, and Eleven; 24 months on Count Eight, to be served consecutively to the terms imposed on Counts One, Two, Three, Ten, and Eleven; and 24 months on Count Nine, to be served consecutively to the terms imposed on Counts One, Two, Three, Ten, Eleven, and Eight, for a

total term of 120 months.  **Judgment in a Criminal Case, filed November 2, 2006.**

The Petitioner timely filed a direct appeal.  On August 9, 2007, by unpublished opinion, the Fourth Circuit affirmed Petitioner's convictions, but vacated her sentence and remanded the case to this Court "to consider the sentencing factors under USSG § 5G1.2, cmt. n.2(b), applying those factors to the two convictions for aggravated identity theft."  **United States v. Godwin**, 242 F. App'x 898, 900 (4th Cir. 2007).[1]  On March 28, 2008, this Court, after holding a resentencing hearing in compliance with the mandate of the Fourth Circuit, reimposed the same sentence.  **Amended Judgment of Conviction in a Criminal Case, filed April 3, 2008**. Petitioner appealed; on August 14, 2008, the Fourth Circuit affirmed Petitioner's sentence, finding the Court had "carefully considered the commentary [under the Guidelines] prior to ordering consecutive sentences."  **United States v. Godwin**, 288 F. App'x 900, 901 (4th Cir. 2008).

---

[1] The Circuit also remanded the case "for resentencing to provide [Petitioner] the opportunity to allocute."  **Godwin, 242 F. App'x at 900.**

In her timely motion to vacate, Petitioner argues that: 1) her presence report over-represented her criminal history; 2) section 5G1.2 permitted the Court to order her sentences to run concurrently; and 3) she should have been awarded a downward departure for diminished capacity.

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief on the claims set forth therein.  **Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.**  In the event it is determined that a petitioner is not entitled to relief, the reviewing Court must dismiss the motion.  *Id.*  The Court, having reviewed the record of criminal proceedings, enters summary dismissal for the reasons stated herein.

### III. ANALYSIS

Petitioner alleges that her presentence report over-represents her criminal history. Petitioner also alleges that the Court should have granted her a downward departure based upon her diminished capacity. Petitioner did not raise either of these claims on direct appeal.[2] In order to collaterally attack a conviction or sentence based upon errors that could have been, but were not, pursued on direct appeal, a petitioner must show cause and actual prejudice resulting from the errors complained of, or must demonstrate that a miscarriage of justice would result from a refusal to entertain a collateral attack. **See United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999) (citing United States v. Frady, 456 U.S. 152, 167-68 (1982)).** Despite being given an opportunity to do so on her § 2255 form, Petitioner does not provide any reason for her failure to raise these issues on direct appeal. As such, she is precluded from presenting these claims for collateral review.

Even if Petitioner were not precluded from raising these claims herein, they would be dismissed because she fails to present any

---

[2] Petitioner chose not to file a *pro se* supplemental appeal brief. **Godwin, 288 F. App'x at 901.**

argument to support her assertions.  Her conclusory assertions that she should have been granted a downward departure based upon her diminished capacity and her criminal history was over-represented are insufficient to state a claim on collateral review.  ***See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) ("a habeas petitioner must come forward with some evidence that the claim might have merit.  Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."); s*ee also Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958) (in a motion to vacate, a petitioner bears the burden of establishing her claim by a preponderance of the evidence.)**

Petitioner also argues that § 5G1.2 of the United States Sentencing Guidelines provides the Court with discretion to order her sentences to run concurrently.  On appeal after resentencing, the Fourth Circuit upheld this Court's determination that Petitioner's 24-month sentences for the aggravated identity theft convictions would run consecutively.  ***Godwin*, 288 F. App'x at 900.**  Although not well stated, it appears this claim was raised and rejected on direct appeal; therefore, the appellate court's ruling on this issue precludes this Court's review thereof.  ***See Boechenhaupt v.***

*United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) **(issues fully litigated on direct appeal may not be relitigated in a subsequent § 2255 action)**.

Even if this claim were not raised on direct appeal, it still fails, because Petitioner presents no argument as to why she could not have been sentenced to consecutive sentences. Again, the conclusory assertion that she could have been sentenced to concurrent terms is insufficient to state a claim on collateral review nor does she carry her burden of establishing her claim. **Nickerson, 971 F.2d at 1136; Miller, 261 F.2d at 547.**

The Court finds, after review of the Petitioner's motion and the relevant record evidence, that Petitioner's claims are without merit and are denied.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED.** A Judgment dismissing this action is filed herewith.

9

Signed: August 21, 2009

Lacy H. Thornburg
United States District Judge