THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:05-cr-00211-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | O R D E R |
| ) | |
| JOYCE KAY GODWIN, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Expedited Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)" [Doc. 172].

The Defendant seeks a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) in light of her chronic health conditions and the ongoing COVID-19 pandemic. While she admits that she has not yet exhausted all of her administrative remedies, she argues that the Court should waive such requirement in light of the high risk that she could be infected. [See Doc. 172 at 2-3].[1]

---

[1] In May 2020, the Defendant moved for compassionate release in Criminal Case No. 1:17-cr-00008-MR-WCM-1. That motion was denied without prejudice to the Defendant pursuing administrative remedies with the BOP. [See Crim. Case No. 1:17-cr-00008-MR-WCM-1, Doc. 29].

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden before filing a motion for a sentence reduction. Further, the Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010).[2]

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule. This Court, however, need not decide that issue in order to resolve the present motion. Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court. See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for

2

While some courts have waived the exhaustion requirement for compassionate release motion in light of the COVID-19 pandemic, see United States v. Feiling, No. 3:19cr112 (DJN), 2020 WL 1821457, at *4 (E.D. Va. Apr. 10, 2020) (collecting cases), other courts have been reluctant to grant such waivers. For example, the Third Circuit in United States v. Raia held that a prisoner's failure to exhaust all administrative remedies set forth in § 3582(c)(1)(A) warranted the denial of his motion for compassionate release. 954 F.3d 594, 597 (3d Cir. 2020). In so holding, the Third Circuit stated that it did not intend to minimize the risks that COVID-19 poses to the health of federal inmates. However, the Court noted, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering the BOP's statutory role, and its extensive professional efforts to curtail the virus's spread." Id.[3] The Court went on to state as follows:

> Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical— importance. And given the Attorney General's

---

reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

[3] Citing Federal Bureau of Prisons, COVID-19 Action Plan (Mar. 13, 2020, 3:09 PM), https://www.bop.gov/resources/news/20200313_covid19.jsp).

3

> directive that BOP prioritize the use of its various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic, we anticipate that the statutory requirement will be speedily dispatched in cases like this one.

Id. (citation and internal quotation marks omitted). Other courts, including district courts within the Fourth Circuit, have followed Raia's example and continued to require the full exhaustion of administrative remedies before considering motions for compassionate release related to the COVID-19 pandemic. See United States v. Smith, No. 3:16-cr-48 (MPS), 2020 WL 1903160, at *3 (D. Conn. Apr. 17, 2020); United States v. Meron, No. 2:18-cr-0209-KJM, 2020 WL 1873900, at *2 (E.D. Cal. Apr. 15, 2020); United States v. Hembry, No. 12-cr-00119-SI-1, 2020 WL 1821930, at *2 (N.D. Cal. Apr. 10, 2020); Feiling, 2020 WL 1821457, at *5; United States v. Gillis, No. 14-cr-00712 SJO (1), 2020 WL 1846792, at *2 (C.D. Cal. Apr. 9, 2020); United States v. Perry, No. 18-cr-00480-PAB, 2020 WL 1676773, at *1 (D. Colo. Apr. 3, 2020); United States v. Carver, -- F. Supp. 3d --, 2020 WL 1604968, at *1 (E.D. Wash. Apr. 1, 2020); United States v. Clark, No. 17-85-SDD-RLB, 2020 WL 1557397, at *3 (M.D. La. Apr. 1, 2020); United States v. Oliver, No. JKB-16-0485, 2020 WL 1505899, at *1 (D. Md. Mar. 30, 2020); United States v. Zywotko, No. 2:19-cr-113-FtM-60NPM, 2020 WL 1492900,

4

at *1 (M.D. Fla. Mar. 27, 2020); United States v. Eberhart, No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); United States v. Cohen, No. 19cr602 (WHP), 2020 WL 1428778, at *1 (S.D.N.Y. Mar. 24, 2020); United States v. Gileno, No. 3:19-cr-161-(VAB)-1, 2020 WL 1307108, at *3 (D. Conn. Mar. 19, 2020). The Court agrees with Raia and the cases cited above and therefore joins these courts in holding that the mere existence of the COVID-19 pandemic and the Defendant's potential susceptibility to that illness due to pre-existing health conditions does not render the exhaustion of administrative remedies futile.

Here, the Defendant admits that she has not yet fully exhausted her administrative remedies. As such, the Court cannot grant the requested relief. Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Expedited Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)" [Doc. 172] is **DENIED**. Such denial is **WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf.

**IT IS SO ORDERED.**

Signed: July 20, 2020

Martin Reidinger
Chief United States District Judge